Model Plan  
11/22/2013

Trustee: ☐ Marshall  ☐ Meyer  
☐ Stearns  ☐ Vaughn

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| In re: | ) | Case No. |
| | ) | |
| **Stephen E Chatman** | ) | |
| | ) | |
| Debtors. | ) | Original Chapter 13 Plan, dated October 31, 2015 |

■ **A check in this box indicates that the plan contains special provisions, set out in Section G. Otherwise, the plan includes no provisions deviating from the model plan adopted by the court at the time of the filing of this case.**

**Section A.**  
*Budget items*

1. As stated in the debtor's Schedule I and J, (a) the number of persons in the debtor's household is **1**; (b) their ages are **52**; (c) total household monthly income is $ **16,474.00**; and (d) total monthly household expenses are $ **9,297.97**, leaving $ **7,176.03** available monthly for plan payments.

2. The debtor's Schedule J includes $ **N/A** for charitable contributions; the debtor represents that the debtor made substantially similar contributions for **N/A** months prior to filing this case.

**Section B.**  
*General items*

1. The debtor assumes all unexpired leases and executory contracts listed in Section G of this plan; all other unexpired leases and executory contracts are rejected. Both assumption and rejection are effective as of the date of plan confirmation.

2. Claims secured by a mortgage on real property of the debtor, set out in Section C or in Paragraph 2 of Section E of this plan, shall be treated as follows:

(a) *Prepetition defaults.* If the debtor pays the cure amount specified in Paragraph 5 of Section E, while timely making all required postpetition payments, the mortgage will be reinstated according to its original terms, extinguishing any right of the mortgagee to recover any amount alleged to have arisen prior to the filing of the petition.

(b) *Costs of collection.* Costs of collection, including attorneys' fees, incurred by the holder after the filing of this bankruptcy case and before the final payment of the cure amount specified in Paragraph 5 of Section E may be added to that cure amount pursuant to order of the court on motion of the holder.

3. The holder of any claim secured by a lien on property of the estate, other than a mortgage treated in Section C or in Paragraph 2 of Section E, shall retain the lien until the earlier of (a) payment of the underlying debt determined under nonbankruptcy law, or (b) discharge under 11 U.S.C. § 1328, at which time the lien shall terminate and be released by the creditor.

4. The debtor shall retain records, including all receipts, of all charitable donations listed in Schedule J.

**Section C.**
*Direct payment of claims by debtor*

☐ The debtor will make no direct payments to creditors holding prepetition claims. /or/
■ The debtor will make current monthly payments, as listed in the debtor's Schedule J--increased or decreased as necessary to reflect changes in variable interest rates, escrow requirements, collection costs, or similar matters--directly to the following creditors holding claims secured by a mortgage on the debtor's real property:

Creditor: **Green Tree Servicing**, monthly payment, $ **1,550.00**
Creditor: **Pacific Union Financial**, monthly payment, $ **1,835.31**
Creditor: **Seaway Bank & Trust Co**, monthly payment, $ **1,600.00**
Creditor: **Small Business Administration**, monthly payment, $ **308.00**

**Section D.**
*Payments by debtor to the trustee; plan term and completion*

1. *Initial plan term.* The debtor will pay to the trustee $ **3,888.00** monthly for **60** months [and $ monthly for an additional     months], for total payments, during the initial plan term, of $ **233,280.00**. [Enter this amount on Line 1 of Section H.]

2. *Adjustments to initial term.* If the amount paid by the debtor to the trustee during the initial plan term does not permit payment of general unsecured claims as specified in Paragraphs 8 and 9 of Section E, then the debtor shall make additional monthly payments, during the maximum plan term allowed by law, sufficient to permit the specified payments.

3. *Plan completion.* ■ The plan will conclude before the end of the initial term, as adjusted by Paragraph 2, only at such time as all allowed claims are paid in full, with any interest required by the plan /or/
☐ The plan will conclude before the end of the initial term at any time that the debtor pays to the trustee the full amounts specified in Paragraphs 1 and 2.

**Section E.**
*Disbursements by the trustee*

The trustee shall disburse payments received from the debtor under this plan as follows:

1. *Trustee's fees.* Payable monthly, as authorized; estimated at **5.00**% of plan payments; and during the initial plan term, totaling $ **11,664.00**. [Enter this amount on Line 2a of Section H.]

2. *Current mortgage payments.* Payable according to the terms of the mortgage, as set forth below, beginning with the first payment due after the filing of the case. Each of these payments shall be increased or decreased by the trustee as necessary to reflect changes in variable interest rates, escrow requirements, or similar matters; the trustee shall make the change in payments as soon as practicable after receipt of a notice of the change issued by the mortgage holder, but no later than 14 days after such receipt. The trustee shall notify the debtor of any such change at least 7 days before putting the change into effect. Any current mortgage payment made by the debtor directly to the mortgagee shall be deducted from the amounts due to be paid to the trustee under this plan.

**-NONE-**

The total of all current mortgage payments to be made by the trustee under the plan is estimated to be $ **0.00**. [Enter this amount on Line 2b of Section H.]

3.1. *Other secured claims secured by value in collateral.* All secured claims, other than mortgage claims treated above and claims treated in Paragraph 3.2, are to be paid in full during the plan term, with interest at an annual percentage rates and in the fixed monthly amounts specified below regardless of contrary proofs of claim (subject to reduction with the consent of the creditor):

2

(a) Creditor: __1332 Holdings, LLC__   Collateral:__8756 S. Kimbark, Chicago, Illinois 60619__
__Townhome__
__Purchased in 5/2011 (Purchase Price $35,000)__
__Value Per Appraisal__
__PIN#: 25-02-202-029-0000__

Amount of secured claim: $ __15,597.41__ APR __3.25__ %   Fixed monthly payment:$ __282.00__ ;
Total estimated payments, including interest, on the claim: $__16,920.00__. ☐ Check if non-PMSI

(b) Creditor: __BSI Financial Services__   Collateral:__8756 S. Kimbark, Chicago, Illinois 60619__
__Townhome__
__Purchased in 5/2011 (Purchase Price $35,000)__
__Value Per Appraisal__
__PIN#: 25-02-202-029-0000__

Amount of secured claim: $ __36,540.00__ APR __3.25__ %   Fixed monthly payment:$ __660.64__ ;
Total estimated payments, including interest, on the claim: $__39,638.40__. ☐ Check if non-PMSI

(c) Creditor: __Seaway Bank & Trust Co__   Collateral:__1350 E. 87th Street, Chicago, Illinois 60619__
__Townhouse__
__Purchased in 12/2013 (Purchase Price $60,000)__
__Value Per Zillow.com__
__PIN#: 20-35-425-035-0000__

Amount of secured claim: $ __41,276.00__ APR __3.25__ %   Fixed monthly payment:$ __746.27__ ;
Total estimated payments, including interest, on the claim: $__44,776.20__. ☐ Check if non-PMSI

[All claims in the debtor's Schedule D, other than mortgages treated above and claims for which the collateral has no value, must be listed in this paragraph.]

The total of all payments on these secured claims, including interest, is estimated to be $ __101,334.60__ . [Enter this amount on Line 2c of Section H.]

3.2 *Other secured claims treated as unsecured.* The following claims are secured by collateral that either has no value or that is fully encumbered by liens with higher priority. No payment will be made on these claims on account of their secured status, but to the extent that the claims are allowed, they will be paid as unsecured claims, pursuant to Paragraphs 6 and 8 of this section.
**-NONE-**

4. *Priority claims of debtor's attorney*. Payable in amounts allowed by court order. The total claim of debtor's attorney is estimated to be $ __0.00__ . [Enter this amount on Line 2d of Section H.]

5. *Mortgage arrears*. Payable as set forth below, regardless of contrary proofs of claim, except that the arrears payable may be reduced either with the consent of the mortgagee or by court order, entered on motion of the debtor with notice to the trustee and the mortgagee. Any such reduction shall be effective 14 days after either the trustee's receipt of a notice of reduction consented to by the mortgagee or the entry of a court order reducing the arrearage.
**-NONE-**

6. *Allowed priority claims other than those of the debtor's attorney*. Payable in full, without interest, on a pro rata basis. The total of all payments on non-attorney priority claims to be made by the trustee under the plan is estimated to be $ __74,806.00__ . [Enter this amount on Line 2f of Section H.] Any claim for which the proof of claim asserts both secured and priority status, but which is not identified as secured in Paragraphs 2, 3.1, or 3.2 of this section, will be treated under this paragraph to the extent that the claim is allowed as priority claim.

7. *Specially classified unsecured claim*. A special class consisting of the following non-priority unsecured claim: __-NONE-__ shall be paid at __N/A__ % of the allowed amount. The total of all

payments to this special class is estimated to be $ __N/A__ . [Enter this amount on Line 2g of Section H.]

Reason for the special class: _____N/A_____ .

8. *General unsecured claims (GUCs)*. All allowed nonpriority unsecured claims, not specially classified, including unsecured deficiency claims under 11 U.S.C. § 506(a), shall be paid, pro rata, ■ in full, /or/ ☐ to the extent possible from the payments set out in Section D, but not less than ___N/A___% of their allowed amount. [Enter minimum payment percentage on Line 4b of Section H.] Any claim for which the proof of claim asserts secured status, but which is not identified as secured in section C, or Paragraphs 2, 3.1, 3.2 or 5 of this section, will be treated under this paragraph to the extent that the claim is allowed without priority.

9. *Interest*. ■ Interest shall not be paid on unsecured claims /or/ ☐ interest shall be paid on unsecured claims, including priority and specially classified claims, at an annual percentage rate of ___N/A___% [Complete Line 4d of Section H to reflect interest payable.]

**Section F.**  The trustee shall pay the amounts specified in Section E of this Plan in the following order
*Priority*  of priority, with claims in a given level of priority reduced proportionately in the event of insufficient plan payments: (1) trustee's fee; (2) current mortgage payments; (3) secured claims listed in Section E, Paragraph 3.1; (4) priority claims of the debtor's attorney; (5) mortgage arrears; (6) priority claims other than those of the debtor's attorney; (7) specially classified non-priority unsecured claims; and (8) general unsecured claims.

**Section G.**  Notwithstanding anything to the contrary set forth above, this Plan shall include the provisions
*Special*  set forth in the box following the signatures. The provisions will not be effective unless there
*terms*  is a check in the notice box preceding Section A.

Software Copyright (c) 1996-2014  Best Case, LLC - www.bestcase.com                                                                                                                Best Case Bankruptcy

Case 15-37278    Doc 12    Filed 11/02/15    Entered 11/04/15 23:47:43    Desc Imaged
                    Certificate of Notice    Page 5 of 8

| | | | |
|---|---|---|---|
| **Section H.** *Summary of payments to and from the trustee* | (1) Total payments from the debtor to the Chapter 13 trustee (subject to Paragraph 2 of Section D) | | $ 233,280.00 |
| | (2) Estimated disbursements by the trustee for non-GUCs (general unsecured claims): | | |
| | (a) Trustee's fees | $ 11,664.00 | |
| | (b) Current mortgage payments | $ 0.00 | |
| | (c) Payments of other allowed secured claims | $ 101,334.60 | |
| | (d) Priority payments to debtor's attorney | $ 0.00 | |
| | (e) Payments of mortgage arrears | $ 0.00 | |
| | (f) Payments of non-attorney priority claims | $ 74,806.00 | |
| | (g) Payments of specially classified unsecured claims | $ 0.00 | |
| | (h) Total *[add Lines 2a through 2g]* | | $ 187,804.60 |
| | (3) Estimated payments available for GUCs and interest during initial plan term *[subtract Line 2h from Line 1]* | | $ 45,475.40 |
| | (4) Estimated payments required after initial plan term: | | |
| | (a) Estimated total GUCs, including unsecured deficiency claims under § 506(a) | $ 45,429.00 | |
| | (b) Minimum GUC payment percentage | 100 % | |
| | (c) Estimated minimum GUC payment *[multiply line 4a by line 4b]* | $ 45,429.00 | |
| | (d) Estimated interest payments on unsecured claims | $ 0.00 | |
| | (e) Total of GUC and interest payments *[add Lines 4c and 4d]* | $ 45,429.00 | |
| | (f) Payments available during initial term *[enter Line 3]* | $ 45,475.40 | |
| | (g) Additional payments required *[subtract Line 4f from Line 4e]* | | $ -46.40 |
| | (5) Additional payments available: | | |
| | (a) Debtor's monthly payment less trustee's fees and current mortgage payments made by the trustee | $ N/A | |
| | (b) Months in maximum plan term after initial term | N/A | |
| | (c) Payments available *[multiply line 5a by line 5b]* | | $ N/A |
| **Section I.** *Payroll Control* | ☐ A check in this box indicates that the debtor consents to immediate entry of an order directing the debtor's employer to deduct from the debtor's wages the amount specified in Paragraph 1 of Section D and to pay that amount to the trustee on the debtor's behalf. If this is a joint case, details of the deductions from each spouse's wages are set out in Section G. | | |

**Signatures**  **Debtor(s) [Sign only if not represented by an attorney]**

_____    _____    **Date** _____

**Debtor's Attorney**    /s/ Penelope Bach    **Date** October 31, 2015

**5**

| *Attorney Information (name, address, telephone, etc.)* | Penelope Bach<br>Sulaiman Law Group, Ltd.<br>900 Jorie Boulevard<br>Suite 150<br>Oak Brook, IL 60523<br>630-575-8181<br>Fax: 630-575-8188 |
|---|---|

**Special Terms** *[as provided in Paragraph G]*

**Debtor shall make direct payments to all student loan companies for the student loans. All student loan companies are authorized to send monthly statements directly to the Debtor.**

United States Bankruptcy Court
Northern District of Illinois

In re:                                                          Case No. 15-37278-DLT
Stephen E Chatman                                               Chapter 13
       Debtor

# CERTIFICATE OF NOTICE

District/off: 0752-1          User: nbatson              Page 1 of 2              Date Rcvd: Nov 02, 2015
                              Form ID: pdf001            Total Noticed: 43

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Nov 04, 2015.
db             +Stephen E Chatman,    8514 S. Avalon Avenue,    Chicago, IL 60619-6431
23881873       +1332 Holdings, LLC,    175 Olde Half Day Road, Suite 240,    Lincolnshire, IL 60069-3063
23881874      ++BANK OF AMERICA,    PO BOX 982238,    EL PASO TX 79998-2238
                (address filed with court:  Bank of America,    Attn: Recovery Department,
                4161 Piedmont Parkway,    Greensboro, NC 27410)
23881876       +BSI Financial Services,    314 S. Franklin Street,    PO Box 517,    Titusville, PA 16354-0517
23881877       +BSI Financial Services,    1425 Greenway Drive,    Suite 400,    Irving, TX 75038-2480
23881875       +Bank Of America, N.A.,    401 N. Tryon Street,    NC1-021-02-20,    Charlotte, NC 28255-0001
23881898      ++CITIBANK,    PO BOX 790034,    ST LOUIS MO 63179-0034
                (address filed with court:  Home Depot,    PO Box 6029,    The Lakes, NV 88901)
23881878       +Chase,   ATTN: Bankruptcy Department,    P.O. Box 15298,    Wilmington, DE 19850-5298
23881879       +Chase,   3415 Vision Drive,    Mail Code OH4-7142,    Columbus, OH 43219-6009
23881880       +Chase Card Services,    Attn:Bankruptcy Department,    Po Box 15298,    Wilmington, DE 19850-5298
23881881       +Citibank,   Citicorp Credit Services/Attn: Centraliz,    Po Box 790040,
                Saint Louis, MO 63179-0040
23881882       +Citibank/The Home Depot,    Citicorp Credit Srvs/Centralized Bankrup,    Po Box 790040,
                Saint Louis, MO 63179-0040
23881883        Citicorp Credit Services,    ATTN: Internal Recovery; Centralized Bk,    P.O. Box 790034,
                Saint Louis, MO 63179-0034
23881884       +City of Chicago Bureau Park,    PO Box 88292,    Chicago, IL 60680-1292
23881886       +Cook County Clerk,    118 N. Clark Street,    Room 434,    Chicago, IL 60602-1413
23881885       +Cook County Clerk,    69 W. Washington, Suite 500,    Chicago, IL 60602-3030
23881887       +Cook County Treasurer,    PO Box 805436,    Chicago, IL 60680-4155
23881890        Equifax Information Services, LLC,    1550 Peachtree Street NW,    Atlanta, GA 30309
23881891       +Experian Information Solutions, Inc.,    475 Anton Boulevard,    Costa Mesa, CA 92626-7037
23881897       +Home Depot,    700 Broadway Village Square,    Broadview, IL 60155-4886
23881899       +IL Department of Revenue,    2006 E. 95th Street,    Chicago, IL 60617-4788
23881905       +Pacific Union Financial,    1603 Lbj Freeway, Suite 500,    Farmers Branch, TX 75234-6071
23881906       +Peoples Gas,    Attention: Bankruptcy Department,    130 E. Randolph 17th Floor,
                Chicago, IL 60601-6207
23881907       +Peoples Gas,    200 E Randolph Street,    Chicago, IL 60601-6302
23881908       +Peoples Gas Light & Coke Company,    130 E. Randolph Street,    Chicago, IL 60601-6207
23881910       +SBA Loan,    US Small Business Administration,    409 3rd Street, SW,    Washington, DC 20416-0005
23881911       +Seaway Bank & Trust Co,    645 E 87th Street,    Chicago, IL 60619-6183
23881914       +SunTrust,    901 Semmes Avenue,    Richmond, VA 23224-2243
23881915       +SunTrust Bank,    PO Box 85024,    Richmond, VA 23285-5024
23881916       +Suntrust/Greensky/The Home Depot,    1797 N East Expressway NE,    Brookhaven, GA 30329-7803
23881917        Trans Union LLC,    P.O. Box 2000,    Chester, PA 19016-2000

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
23881888       +E-mail/Text: lbankruptcy@cookcountytreasurer.com Nov 03 2015 01:35:13
                Cook County Treasurer's Office,    118 North Clark Street, Room 112,    Chicago, IL 60602-1590
23881889       +E-mail/Text: electronicbkydocs@nelnet.net Nov 03 2015 01:35:11      Dept Of Education/nelnet,
                121 S 13th Street,    Lincoln, NE 68508-1904
23881893        E-mail/PDF: gecsedi@recoverycorp.com Nov 03 2015 01:29:23      Green Tree Servicing,
                332 Minnesota Street Suite 610,    Saint Paul, MN 55101
23881892        E-mail/Text: bankruptcy.bnc@gt-cs.com Nov 03 2015 01:35:03      Green Tree Servicing,
                Attention: Bankruptcy Dept,    Po Box 6154,    Rapid City, SD 57709
23881894       +E-mail/Text: bankruptcy.bnc@gt-cs.com Nov 03 2015 01:35:03      Green Tree Servicing,
                Po Box 6172,    Rapid City, SD 57709-6172
23881895       +E-mail/Text: bankruptcy@greenskycredit.com Nov 03 2015 01:35:01      GreenSky,
                1797 Northeast Expy NE Suite 100,    Atlanta, GA 30329-2451
23881902        E-mail/Text: cio.bncmail@irs.gov Nov 03 2015 01:35:02      IRS Department of Treasury,
                ACS Support - Stop 5050,    PO Box 219236,    Kansas City, MO 64121
23881900        E-mail/Text: rev.bankruptcy@illinois.gov Nov 03 2015 01:35:09
                Illinois Department of Revenue,    Bankruptcy Section,    PO Box 64338,    Chicago, IL 60664-0338
23881904       +E-mail/Text: electronicbkydocs@nelnet.net Nov 03 2015 01:35:11      NelNet,    Attn: Claims,
                PO Box 17460,    Denver, CO 80217-0460
23881903       +E-mail/Text: electronicbkydocs@nelnet.net Nov 03 2015 01:35:11      Nelnet,    PO Box 82561,
                Lincoln, NE 68501-2561
23881909       +E-mail/Text: bankruptcynotices@sba.gov Nov 03 2015 01:35:01      SBA,   409 3rd St, SW,
                Washington, DC 20416-0005
23881913       +E-mail/Text: birminghamtops@sba.gov Nov 03 2015 01:35:15      Small Business Administration,
                801 Tom Martin Drive, Suite 120,    Birmingham, AL 35211-6424
                                                                                               TOTAL: 12

            ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
23881896*     ++CITIBANK,    PO BOX 790034,    ST LOUIS MO 63179-0034
                (address filed with court:  Home Depot,    Po Box 688966,    Des Moines, IA 50368-8966)
23881901*       Internal Revenue Service,    PO Box 7346,    Philadelphia, PA 19101-7346
23881912*      +Seaway Bank & Trust Co.,    645 E. 87th Street,    Chicago, IL 60619-6183
                                                                                  TOTALS: 0, * 3, ## 0

```
District/off: 0752-1          User: nbatson            Page 2 of 2              Date Rcvd: Nov 02, 2015
                              Form ID: pdf001          Total Noticed: 43
```

                ***** BYPASSED RECIPIENTS (continued) *****

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Nov 04, 2015                                       Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on October 31, 2015 at the address(es) listed below:
              Patrick S Layng    USTPRegion11.ES.ECF@usdoj.gov
              Penelope N Bach    on behalf of Debtor Stephen E Chatman pnbach@sulaimanlaw.com,
               ecfbach@gmail.com;courtinfo@sulaimanlaw.com;bkycourtinfo@gmail.com;ECFNotice@sulaimanlaw.com;mbad
               wan@sulaimanlaw.com;bkycourtinfo@gmail.com;sulaiman.igotnotices@gmail.com;bkecf_sulaiman@bkexpres
               s.info
                                                                                             TOTAL: 2